UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

United States of America,

   Plaintiff,

           REPORT AND RECOMMENDATION

vs.

Joseph Edward Riley (01), and
John Thomas Riley (02),

   Defendants.      Crim. No. 09-98 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the following Motions of the Defendants Joseph Edward Riley, and John Thomas Riley:

  A. The Defendants' Motion to Dismiss for Pre-Indictment Delay.

  B. The Defendants' Motion to Dismiss pursuant to Rule 6(c), Federal Rules of Criminal Procedure.

A Hearing on the Motions was conducted on May 26, 2009, at which time, the Defendants appeared by Jon J. Jensen, Esq., and the Government appeared by Michael

L. Cheever, Assistant United States Attorney. In addition, the Defendant John Thomas Riley appeared personally, while the Defendant Joseph Edward Riley waived his appearance.

For reasons which follow, we recommend that the Defendants' Motions to Dismiss be denied.

## II. Factual Background

The Defendants are charged with one (1) count of Conspiracy to Defraud the United States, by impeding or impairing the Internal Revenue Service ("IRS"), in violation of Title 18 U.S.C. §371, which conspiracy was said to have occurred on or about July 5, 1996, and continued through August of 2003, in this State and District. In addition, the Defendant Joseph Edward Riley is charged with one (1) count of Filing a False Corporate Tax Return, in violation of Title 26 U.S.C. §7206(1), and one (1) count of Filing a False Individual Tax Return, in violation of Title 26 U.S.C. §7206(1), while the Defendant John Thomas Riley is charged with one (1) count of Aiding and Assisting the Filing of a False Corporate Tax Return, in violation of Title 26 U.S.C. §7206(2), and one (1) count of Filing a False Individual Tax Return, in violation of Title 26 U.S.C. §7206(1). Those alleged violations are said to have occurred on April 15, 2003, in this State and District.

According to the Indictment,[1] the Defendants each own fifty (50) percent of Riley Brothers Companies, Inc. ("Riley Brothers"), which is a Minnesota corporation, and which owns one hundred (100) percent of Riley Brothers Construction, Inc., a heavy equipment construction business. The Defendants allegedly engaged in a conspiracy to conceal their income, as well as the income of Riley Brothers and its employees, from the IRS, and the Minnesota Department of Revenue, in order to evade the payment of income taxes, including Social Security taxes, Medicare taxes, and unemployment taxes, and to defraud the State of Minnesota with respect to the payment of unemployment benefits. In connection with that conspiracy, the Defendants allegedly skimmed receipts, arranged for the payment of their personal

---

[1] Rule 12(e), Federal Rules of Criminal Procedure, provides that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." The essential factual findings, that are required by the Recommendations we make, are contained in this segment of our Opinion. Necessarily, in drawing these factual findings, we have relied heavily upon the well-pleaded allegations of the Indictment which, for purposes of the Defendants' Motions to Dismiss, are taken as true. See, United States v. Andreas, 374 F. Supp. 402, 406 (D. Minn. 1974); United States v. J.R. Watkins Company, 16 F.R.D. 229, 234 (D. Minn. 1954); see also, United States v. Sampson, 371 U.S. 75, 78-79 (1962); United States v. Luros, 243 F. Supp. 160, 165 (S.D. Iowa 1965), cert. denied, 382 U.S. 956 (1965). Of course, these factual findings are preliminary in nature, are confined solely to the Motions before the Court, and are subject to such future modification as the subsequent development of the facts and law may require. See, United States v. Moore, 936 F.2d 287, 288-89 (6th Cir. 1991); United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir. 1990).

expenses as business expenses, and disguised the earnings of their employees, among other alleged misconduct.

The Government first became aware of the conspiracy in January of 2003, when a concerned citizen made a report to the IRS. See, <u>Government's Memorandum in Opposition</u>, <u>Docket No. 40</u>, at p. 4. Subsequently, on June 26, 2003, the Government obtained a Search Warrant for the offices of Riley Brothers, which was executed on July 1, 2003. See, <u>Defendants' First Memorandum in Support</u>, <u>Docket No. 31</u>, at p. 1. Pursuant to the Search Warrant, Government agents seized approximately two hundred (200) boxes of documents, including corporate bookkeeping records, payroll records, tax records, and bank records, as well as several computers and images of hard drives. <u>Id.</u>

On July 15, 2003, Riley Brothers timely filed a Motion for the return of its documents and property, pursuant to Rule 41, Federal Rules of Criminal Procedure. <u>Id.</u> at p. 3; see also, <u>United States v. Search Warrant</u>, Mag. No. 03-MJ-253 (SRN), Docket No. 4 (D. Minn., July 15, 2003). However, by Order dated October 24, 2003, the Court, the Honorable Jonathan G. Lebedoff, then Chief Magistrate Judge, presiding, denied the Motion without prejudice. See, <u>United States v. Search Warrant</u>, Mag. No. 03-MJ-253 (SRN), Docket No. 13 (D. Minn., October 24, 2003). In its

decision, the Court observed that Riley Brothers had been provided with limited access to the documents, in order to make copies at its own expense, as an "adequate available remedy." Id. at p. 5.[2] More than three (3) years later, in December of 2006, the parties engaged in settlement negotiations, which ultimately proved to be unsuccessful. Nonetheless, the Defendants were not indicted on the current charges until more than two (2) years later, on April 15, 2009.

As a result, the Defendants now argue that the Indictment must be dismissed, owing to the pre-Indictment delay. See, Docket No. 30. In that respect, we understand the Defendants to argue that the asserted pre-Indictment delay violated their Fifth Amendment Due Process rights. See, Defendants' First Memorandum in Support, supra at p. 4. In the alternative, the Defendants argue that the Indictment should be dismissed, pursuant to Rule 6(c), Federal Rules of Criminal Procedure, because it does not bear the signature of the Grand Jury foreperson. See, Docket No. 37. The Government opposes the Defendants' Motions, and we address the parties' arguments in turn.

---

[2]At the Hearing on the Defendants' current Motions, the Government advised that it continues to provide Riley Brothers with access to the documents, on an ongoing basis, and Riley Brothers has not renewed its Rule 41 Motion, in the nearly six (6) years since the Search Warrant was executed.

III.  Discussion

A. The Defendants' Motion to Dismiss for Pre-Indictment Delay.

1. Standard of Review. "While '[s]tatutes of limitation provide the primary guarantee against prosecution of a defendant on overly stale charges,' the due process clause does have 'a "limited role to play in protecting against oppressive delay."'" United States v. Brockman, 183 F.3d 891, 895 (8th Cir. 1999), cert. denied, 528 U.S. 1080 (2000), quoting United States v. Bartlett, 794 F.2d 1285, 1289 (8th Cir. 1986), cert. denied, 479 U.S. 934 (1986), quoting, in turn, United States v. Lovasco, 431 U.S. 783, 789 (1977). "To establish unreasonable pre-indictment delay, a defendant must show that the delay resulted in actual and substantial prejudice to his defense, and that the government intentionally delayed the indictment to gain a tactical advantage or to harass him." United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002), citing United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000); see also, United States v. Benshop, 138 F.3d 1229, 1232 (8th Cir. 1998).

"Alleged prejudice is insufficient to establish a due process violation if it is 'insubstantial, speculative, or premature.'" United States v. Skinner, 433 F.3d 613, 617 (8th Cir. 2006), quoting United States v. Grap, 368 F.3d 824, 829 (8th Cir. 2004), quoting, in turn, United States v. Golden, 436 F.2d 941, 943 (8th Cir. 1971), cert.

denied, 404 U.S. 910 (1971). "Substantial prejudice cannot be established with the mere 'possibility of prejudice inherent in any extended delay: that memories will dim, witnesses will become inaccessible, and evidence will be lost.'" United States v. Johnson, 28 F.3d 1487, 1493 (8th Cir. 1994), cert. denied, 513 U.S. 1098 (1995), quoting United States v. Marion, 404 U.S. 307, 326 (1971). "To establish actual prejudice, a defendant must identify witnesses or documents lost during the delay period." United States v. Gladney, 474 F.3d 1027, 1031 (8th Cir. 2007), citing United States v. Sturdy, supra at 452; United States v. Sprouts, supra at 1041. "The defendant carries the burden to show the lost testimony or information is not available through other means." Id., citing United States v. Sturdy, supra at 452; United States v. Sprouts, supra at 1041. "The court will inquire into the reasons for delay **only** where actual prejudice has been established." Id. at 1030-1031 [emphasis in original]; United States v. Skinner, supra at 617, citing United States v. Sturdy, supra at 451-452; United States v. Sprouts, supra at 1041.

    2. Legal Analysis. Here, the Defendants do not assert a statute of limitations defense, and they acknowledge that, "[f]or general offenses involving defrauding the United State and specifically offenses under 18 U.S.C. §371 involving tax fraud, the statute of limitations is six years." United States v. Swartzendruber,

2009 WL 485144 at *6 (D.N.D., February 25, 2009), citing Title 26 U.S.C. §6531, United States v. Brunetti, 615 F.2d 899, 901 (10th Cir. 1980), and United States v. Christensen, 344 F. Supp.2d 1294, 1297-98 (D. Utah 2004). Moreover, "[a]ll the United States has to show is that one of the conspirators committed an overt act in furtherance of the conspiracy within six years of the indictment." Id., citing United States v. Thompson, 518 F.3d 832, 856 (10th Cir. 2008). Accordingly, we find no basis to grant the Defendants' requested relief pursuant to Rule 48(b), Federal Rules of Criminal Procedure. See, United States v. Elmardoudi, --- F. Supp.2d ----, 2007 WL 2002090 at *2 (N.D. Iowa, July 5, 2007)("Rule 48(b) is not 'violated if the statute of limitations is not [violated].'"), quoting United States v. Grayson, 416 F.2d 1073, 1077 (5th Cir. 1969), cert. denied, 396 U.S. 1059 (1970); United States v. Jaben, 225 F. Supp. 47, 50 (W.D. Mo. 1963), aff'd, 333 F.2d 535 (8th Cir. 1964), aff'd, 381 U.S. 214 (1965)("It is not an uncommon practice on the part of the Government to delay the filing of a case to the last minute," and "[a] complaint or charge may be filed any time within the statutory period.").

As a result, in order to demonstrate a violation of their Due Process rights, the Defendants must show that the pre-Indictment delay resulted in actual and substantial prejudice. On the Record presented, we conclude that the Defendants have failed to

sustain their burden. The Defendants primarily argue that it will be "virtually impossible" to locate unidentified, potential witnesses, with respect to the allegedly fraudulent transactions, owing to the transient nature of the construction industry. See, Defendants' First Memorandum in Support, supra at p. 5.[3] However, our Court of Appeals rejected a similar argument in United States v. Purham, 725 F.2d 450 (8th Cir. 1984), where it concluded that the defendant had not demonstrated actual prejudice, when he "relied solely on the admittedly 'real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost.'" Id. at 453, quoting United States v. Marion, supra at 326. The Court stated that "'[t]hese possibilities are not in themselves enough to demonstrate that [the defendant] cannot receive a fair trial and to therefore justify the dismissal of the indictment.'" Id., quoting United States v. Marion, supra at 326.

---

[3]As noted by the Government, the Defendants also imply that the Indictment is vague, and that they will be forced "to guess which transactions are being questioned by the Government." Defendants' First Memorandum in Support, supra at pp. 4-5. In addition, the Defendants complain that the Government "has failed to return [the seized] documents or provide meaningful access to the documents." Id. at p. 5. However, the Defendants have not filed a Motion for a Bill of Particulars, nor have they renewed their Rule 41 Motion for the return of the documents, and therefore, such unsupported arguments have no impact upon our analysis of the asserted pre-Indictment delay.

Here, the Defendants have not identified any assertedly unavailable witnesses, and their speculative claims of prejudice do not warrant a dismissal of the Indictment. Notably, our Court of Appeals has imposed a stringent standard upon defendants who seek the dismissal of an Indictment on the grounds of delay. See, e.g., <u>United States v. Benshop</u>, supra at 1234-1235 (rejecting a claim of pre-Indictment delay, despite the passage of eight (8) years, and the death of a witness, where the evidence demonstrated that "[the deceased witness] would not have testified as defendant alleges," and that the testimony would not "tend to disprove the government's theory that defendant intentionally defrauded the bank"); <u>United States v. McDougal</u>, 133 F.3d 1110, 1113 (8th Cir. 1998)(rejecting a claim of pre-Indictment delay, despite the passage of nine (9) years, and the death of a witness, where the defendant "failed to relate the substance of the [deceased witness's] testimony to show it would have been relevant or beneficial to his case"); see also, <u>United States v. DeGeorge</u>, 380 F.3d 1203, 1211-1212 (9th Cir. 2004)(no due process violation despite six (6) year delay and loss of evidence); <u>Wilson v. McCaughtry</u>, 994 F.2d 1228, 1234 (7th Cir. 1993)(no due process violation despite sixteen (16) year delay, and death of several witnesses); <u>United States v. Benson</u>, 846 F.2d 1338, 1341 (11th Cir. 1988)(no due process violation despite eight (8) year delay, loss of evidence, and death of witness). Here,

the Defendants concede that the documentary evidence remains intact and, as noted by the Government, the Defendants have not identified any critical witnesses who are now unavailable. Since the Defendants have failed to demonstrate any actual and substantial prejudice, we need not scrutinize the reasons for the pre-Indictment delay.

Nonetheless, we find no evidence which suggests that the Government intentionally delayed in seeking an Indictment, in order to obtain any tactical advantage. Instead, the Government advises that, in complex tax fraud cases, its investigation often occurs over the course of several years. Here, the Government asserts that its investigation was prolonged by the number of documents which were seized, the extended period of time at issue, and the number of transactions involved. "Investigative delay is fundamentally unlike delay undertaken by the government to gain tactical advantage over the defendant, and due process does not require a dismissal for pre-indictment investigative delay." United States v. Reed, 647 F.2d 849, 852 (8th Cir. 1981), quoting United States v. Matlock, 558 F.2d 1328, 1330 (8th Cir. 1977), cert. denied, 434 U.S. 872 (1977). Accordingly, we conclude that the Defendants have failed to demonstrate any violation of their Due Process rights, and we recommend that the Defendants' Motion to Dismiss for Pre-Indictment Delay be denied.

B. The Defendants' Motion to Dismiss pursuant to Rule 6(c), Federal Rules of Criminal Procedure.

Next, the Defendants argue that the Indictment should be dismissed pursuant to Rule 6(c), Federal Rules of Criminal Procedure, because it does not bear the signature of the Grand Jury foreperson. See, Docket No. 1.

As is here pertinent, Rule 6(c) provides that "[t]he foreperson * * * will sign all indictments." However, the rule is well settled that "the foreman's duty to sign the indictment is a formality," and "the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." Hobby v. United States, 468 U.S. 339, 345 (1984), citing Frisbie v. United States, 157 U.S. 160, 163-165 (1895); see also, Rule 6(c), Federal Rules of Criminal Procedure, Advisory Committee Notes (1944) ("Failure of the foreman to sign or endorse the indictment is an irregularity and is not fatal."). Although our Court of Appeals has not directly confronted the issue, other Courts have routinely rejected jurisdictional challenges to Indictments, which are based solely upon the absence of the foreperson's signature. See, e.g., United States v. Trevino, 299 Fed.Appx. 384, 385 (5th Cir. 2008); United States v. Curls, 219 Fed.Appx. 746, 751-752 (10th Cir. 2007); United States v. Williams, 258 Fed.Appx. 564, 565 (4th Cir. 2007); United States v. Willaman, 437

F.3d 354, 360 (3rd Cir. 2006), cert. denied, 547 U.S. 1208 (2006); United States v. Irorere, 228 F.3d 816, 830 (7th Cir. 2000); United States v. Morse, 2007 WL 4233075 at *7 (D. Minn., November 28, 2007); compare, United States v. Marshall, 910 F.2d 1241, 1243 (5th Cir. 1990), cert. denied, 498 U.S. 1092 (1991)(concluding that the District Court had jurisdiction to accept the defendant's guilty plea, despite the foreperson's failure to sign the Indictment, where the Grand Jury records disclosed that a sufficient number of jurors voted to concur in returning the Indictment); United States v. Perholtz, 622 F. Supp. 1253, 1262 (D.D.C. 1985)(denying a Motion to Dismiss the Indictment, on the same basis).

Here, the Defendants argue that "[t]he failure to timely file a signed indictment indicates that the Grand Jury failed to adequately indict the Defendants within the six-year statute of limitations." Defendants' Second Memorandum in Support, Docket No. 38, at p. 2. However, they fail to cite any case law in support of that proposition, and our independent research has not disclosed any such case. Cf., United States v. Perholtz, supra at 1262 (directing the Clerk of Court to "permit the foreman of the grand jury to sign the original of the superseding indictment forthwith, as if it had been signed at the time it was returned on August 6 to cure the ministerial defect resulting from his inadvertant failure to sign.").

In this instance, counsel for the Government advises that, on April 14, 2009, the Indictment was signed by the Grand Jury foreperson, and on April 15, 2009, the Indictment was duly returned to the presiding District Court Judge. Subsequently, pursuant to his routine practice, the Clerk of Court redacted the signature of the Grand Jury foreperson, prior to filing the Indictment on the District of Minnesota's Case Management/Electronic Case Filing system, which is publicly accessible through the Internet, in order to protect the identity of the Grand Jury foreperson from widespread disclosure. See, United States v. Reed, 195 Fed.Appx. 815, 819-820 (10th Cir. 2006), cert. denied, 549 U.S. 1327 (2007)(observing that, "pursuant to the Judicial Conference of the United States and the E-Government Act of 2002, [Title 44 U.S.C. §§3601 et seq.,] documents containing identifying information about jurors or potential jurors are not included in the public case file," and holding that "Rule 6(c) does not require the foreperson's signature or identity to appear in the public file."); United States v. Craft, 2008 WL 942020 at *1 (E.D. Ark., April 7, 2008)("[I]n order to protect the identity of the foreperson, pursuant to the Court's normal procedure, the signature page is contained in a restricted file and does not appear in the public file."); United States v. Morse, supra at *7 ("The signatures on the indictment are a formality, and their absence from the public record causes no prejudice.").

Since the time of the Hearing, we have secured a copy of the signed Indictment from the Clerk of Court, which includes the signatures of an Assistant United States Attorney, as well as the Grand Jury foreperson. See, United States v. McIntosh, 492 F.3d 956, 961 n. 2 (8th Cir. 2007)(rejecting pro se argument on appeal, where a "review of the record shows that the grand jury indictment included in the district court record is signed, contrary to McIntosh's contention."); United States v. Lopez-Chavez, 230 F.3d 1368, 2000 WL 1195548 at *1 (9th Cir. 2000) [Table disposition], cert. denied, 531 U.S. 1096 (2001)(The defendant's "contention is belied by the record, which contains the original indictment, signed by the grand jury foreperson."); United States v. Alvarez, 489 F. Supp.2d 714, 724 (W.D. Tex. 2007)("While the public is provided only redacted versions of documents, the record shows that [the defendants'] Indictments contain the foreperson's signature."), citing United States v. Thompson, 454 F.3d 459, 464 n. 3 (5th Cir. 2006), cert. denied, 549 U.S. 1041 (2006).

As a result, we conclude that the Defendants' argument is wholly lacking in legal or factual support, and we recommend that their Motion to Dismiss the Indictment, pursuant to Rule 6(c), Federal Rules of Criminal Procedure, be denied.

NOW, THEREFORE, It is--

RECOMMENDED:

1. That the Defendants' Motion to Dismiss the Indictment for Pre-Indictment Delay [Docket No. 30] be denied.

2. That the Defendants' Motion to Dismiss the Indictment pursuant to Rule 6(c), Federal Rules of Criminal Procedure, [Docket No. 37] be denied.

Dated: May 29, 2009         *s/Raymond L. Erickson*
                            Raymond L. Erickson
                            CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **June 15, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **June 15, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.